UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

YANIRIS CAPELLAN and LF FOOD MARKET CORP.,

                                Plaintiffs,     **COMPLAINT**

               -against-

UNITED STATES OF AMERICA and SONNY PERDUE,     Civil Action No.
SECRETARY, UNITED STATES DEPARTMENT OF
AGRIGULTURE,                                  _____

                                Defendants.

------------------------------------------------------------------------ X

        Plaintiffs Yaniris Capellan and LF Food Market Corp., for their complaint against Defendants, the United States of America and Sonny Perdue, Secretary, United States Department of Agriculture (collectively the "USDA" or "Defendants"), allege as follows:

## NATURE OF ACTION

        1.     Plaintiffs, who operate a small food store will be permanently disqualified from participation from the federal food stamp program if the determination made by the Secretary of the Agriculture is permitted to stand. Plaintiffs bring this action pursuant to 7 U.S.C. § 2023(a)(13)-(17) to set aside that determination. Pursuant to 7 U.S.C. § 2023(a)(15), this action is a "trial de novo" in which "the court shall determine the validity of the questioned administrative action in issue."

        2.     The major source of Plaintiffs' food-store receipts are derived from food stamps, which are primarily redeemed through the electronic benefit transfer system.

## JURISDICTION & VENUE

3.  This Court has subject matter jurisdiction under 7 U.S.C. § 2023 and 7 C.F.R. 279.7 *et seq.* An actual controversy exists between Plaintiffs and Defendants in that Plaintiffs' request a declaration of their rights and appropriate relief pursuant to the provisions of 28 U.S.C. §§ 2201, 2202, and 1651.

4.  Venue is proper in this district pursuant to 7 U.S.C. § 2023(a)(13) and 28 U.S.C. § 1391(e).

## PARTIES

5.  Plaintiffs Yaniris Capellan and LF Food Market Corp. are engaged in the retail sale of food products in the State of New York.

6.  Defendant United States of America is a named defendant pursuant to 7 U.S.C. § 2023(a)(13).

7.  Defendant Sonny Perdue, oversees the operation of the Department of Agriculture, of which a subdivision is the Food and Nutrition Service. The Food and Nutrition Service administers the federal Food Stamp Program pursuant to authority delegated by the Secretary of Agriculture.

## CHARGES AND FACTS

8.  LF Food Market Corp is a New York Domestic Business Corporation and has an address of 190 West Tremont Avenue, Bronx, New York 10453.

9.  LF Food Market Corp is a participant in the Food Stamp Program ("FSP") which is governed by the USDA, through the Food and Nutrition Service.

10. Defendant USDA compiled records of Electronic Benefit Transfer ("EBT") food stamp transactions that occurred at LF Food Market Corp.

11. On July 11, 2017, the USDA sent a letter ("July 11 Letter") to LF Food Market Corp accusing it of "trafficking," as defined in section 271.2 of the enclosed FSP regulations and enclosing the aforementioned records of the EBT transactions.

12. This letter accused LF Food Market Corp. of three specific trafficking violations that occurred between December 2016 through May 2017.

13. Violation 1 stated that "there were an unusual number of transactions ending in same cents value."

14. Violation 2 stated that "multiple transactions were made from individual benefit accounts in unusually short time frames."

15. Violation 3 state that "excessively large purchase transactions were made from receipt accounts."

16. The letter warned that if LF Food Market Corp was determined to have committed these violations, it would be permanently disqualified from the Food Stamp Program and/or a civil monetary penalty would be enforced against it.

17. On July 28, 2017, the USDA sent another letter confirming that based on the "evidence available" to them, the violations cited in the July 11 Letter did occur. The letter informed LF Food Market Corp that it was permanently disqualified from participating in the Food Stamp Program.

18. No further specific evidence was cited by the USDA in the July 28 Letter; however, it did allow for the USDA's determination to be reviewed by the Chief Administrative Review Branch.

19. As a result, on August 10, 2017, LF Food Market Corp, through its legal counsel, requested a review and further submitted argument and evidence supporting LF Food

Market Corp's position that it was not involved in trafficking and rebutting the Defendants' findings.

20. In a letter dated November 1, 2017 and received shortly thereafter by counsel, the USDA, by and through its agents, rejected the position of LF Food Market Corp as argued through its legal counsel and permanently disqualified LF Food Market Corp from the Food Stamp Program.

21. Prior to this incident, neither Ms. Capellan nor LF Food Market Corp have ever been charged, fined, disciplined or cited for any violation by the USDA.

22. The USDA never issued a warning, fine or suspension before permanently disqualifying LF Food Market Corp, from the SNAP program.

23. The imposition of a permanent disqualification is a burdensome and outsized penalty as it relates to the USDA's evidence. Permanent disqualification works a great hardship on Yaniris Capellan and LF Food Market Corp's business and their customers, it is contrary to law, and the USDA's own rules and regulations and is other arbitrary and capricious.

24. At no time did the USDA reasonably consider Yaniris Capellan and LF Food Market Corp's arguments and the evidence offered by their legal counsel as reasonable, plausible explanations for any alleged discrepancies.

25. The USDA failed to fully and adequately investigate Yaniris Capellan and LF Food Market Corp's arguments and evidence before concluding that they were involved in trafficking and its conclusion is based on pure speculation and guesswork.

26. The USDA's letters providing Plaintiffs with a mere ten days to respond prevented Plaintiffs from providing a more thorough explanation of the trafficking allegations against them.

27. On November 1, 2017, via letter, the USDA affirmed its own determination and informed Ms. Capellen and LF Food Market Corp that they would have thirty days to appeal that ruling to federal court.

**FIRST CLAIM**

**(Trial de Novo Pursuant to 7 U.S.C. § 2023)**

28. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

29. Pursuant to 7 C.F.R. 279.7(a), Plaintiffs file for judicial review of the permanent disqualification determination by the Defendants.

30. Without direct evidence that the Plaintiffs exchanged food stamps for cash or other prohibited items, the USDA has not met its burden of proving trafficking. The print-outs included as attachments reflect typical sale amounts in a grocery store, as explained through the Plaintiff's legal counsel. Nothing on their face reflect or support unusual behavior on the part of customers. Print-outs alone which resemble those of a typical neighborhood market do not warrant a finding of trafficking. No video cameras or audio recorders recorded the sales. Any number of theories beside trafficking could explain the amount and number of the transactions. For example, some cardholders may purchase food in bulk at the start of the month to stock their household with needed supplies. In recent economic times with prices as they are, it is not unheard of for the head of household to purchase over $100 worth of foods at the start of the month. Also, customers who have forgotten items might return a few hours later that day to purchase forgotten items, which would explain the short time frame between transactions. Without the USDA, by and through its agents, directly viewing or hearing incidents of

trafficking, the print-outs of EBT transactions alone are wholly inadequate to support a permanent disqualification from the SNAP program.

31. The Court should stay the administrative disqualification pursuant to 7 C.F.R. 279.7(d) because irreparable injury is occurring and Plaintiffs are likely to prevail on the merits of the case. Pursuant to 7 C.F.R. 279.7(d), this Court may "[d]urging the pendency of any judicial review, or any appeal therefrom the administrative action under review shall remain in force unless the firm makes a timely application to the court and after hearing thereon, the court stays the administrative action after a showing that irreparable injury will occur absent a stay and that the firm is likely to prevail on the merits of the case."

32. Plaintiffs are aggrieved by the determination of the USDA and aver that the agency's findings are unsupported by reliable probative evidence and are otherwise the product of unlawful agency action.

33. Permanent disqualification from the Food Stamp Program places an unusually harsh burden on the livelihood of the Plaintiff Yaniris Capellan in that she will never be able to own a store that can participate in the SNAP program.

34. After all proceedings contemplated by the statute, including trial de novo, the Court should issue a judgment declaring that the final agency decision is set aside.

## SECOND CLAIM

**(Violations of Administrative Procedure Act 5 U.S.C.A. § 701 *et seq.*)**

35. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

36. The USDA's determination is arbitrary and capricious and contrary to law because of irregularities in procedure in the following respects:

      a. The USDA did not follow its own agency regulations in making a determination. Under 7 C.F.R. 278.6(d), such determination shall be based upon (1) the nature and scope of the violations committed by personnel of the firm; (2) any prior action taken by FNS to warn the firm about the possibility that violations are occurring and (3) any other evidence that shows the firm's intent to violate the regulations.

      b. In the USDA's charge and determination letters, the agency did not indicate that it had considered all three of the above-mentioned prongs as the bases for their determination. In particular, the agency did not mention in its decision any prior action taken to warn the firm about the possibility that violations were occurring.

37. The determination was also arbitrary and capricious and contrary to law because it was unsupported by substantial evidence. The charge and determination letters did not articulate in a reasoned and deliberate fashion why the print-out attachments were sufficient to prove trafficking. They did not lay out in a detailed, well-reasoned opinion why the circumstantial evidence against LF Food Market Corp warranted permanently disqualifying LF Food Market Corp from the Food Stamp Program. Without this information LF Food Market Corp could not effectively refute the ambiguous allegations made by the USDA.

38. The USDA's determination was also arbitrary and capricious because the agency failed to review and consider Plaintiffs' responses pursuant to 7 C.F.R. 278.6(c). In its determination letters of July 28, 2017, and November 1, 2017, the USDA did not explain its consideration of the Plaintiff's responses or articulate how and to what extent the responses played a role in its decision. The agency simply stated that "[consideration has been given to the

information and evidence available to us [...and] we find that the violations occurred." This explanation of findings is wholly inadequate to justify the capital punishment sanction of permanent disqualification. No grounds for the penalty are analyzed or explained in sufficient detail as to warrant such harsh disbarment from the program.

### **THIRD CLAIM**

### **(UNLAWFUL DISQUALIFICATION OF PLAINTIFFS FROM CIVIL MONEY PENALTY IN LIEU OF PERMANENT DISQUALIFICATION)**

39.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

40.   Under 7 U.S.C. § 2021 (b)(3)(B), an innocent owner charge with trafficking is eligible for a civil money penalty in lieu of permanent disqualification "if the Secretary determines that there is substantial evidence that [the] store…had an effective policy and program in effect to prevent violations of the [statute] and the regulations…" The Secretary, however, has refused to exercise the discretion mandated by Congress and had promulgated regulations that directly contravene the letter and the spirit of the statutory provision.

41.   The regulations in question, 7 C.F.R. § 278.6 (i), create onerous requirements for written materials and record-keeping. These requirements, which are given, the misnomer, "criteria," must be satisfied in toto if a store is to become eligible for a civil penalty. The unfairness of the regulations is exacerbated by the failure of the Secretary to notify store owners of the strict liability rule and its consequences; the permanency of the disqualification; and the rigid criteria that must be satisfied.

42.   The regulations contravene the express intent of Congress and are therefore invalid. The regulations also violate the Due Process Clause of the Fifth Amendment in

that said regulations are unfair and flout the law, and trammel upon important property rights. Finally, the regulations are arbitrary, capricious and otherwise contrary to the spirit of the statute.

WHEREFORE, based on the foregoing allegations, Plaintiffs pray for the court to grant the following relief:

a. Enter judgment against the USDA and in favor of the Plaintiffs vacating and reversing said permanent disqualification in light of insufficient proof and award damages for breach of procedural and substantive due process;

b. Stay the action of the USDA pending resolution of the instant action or issue an injunction reinstating LF Food Market Corp's participation in the Food Stamp Program to prevent irreparable injury;

c. award Plaintiffs reasonable attorney's fees and costs and interests and grant such other and further relief as the court deems just and appropriate.

**Plaintiffs Request a Trial by Court**

Dated:    Brooklyn, New York
          November 22, 2017

/s *Michael P. Kushner*
_____
Michael P. Kushner, Esq.
KUSHNER LAW GROUP, P.L.L.C.
16 Court Street, 36th Floor
Brooklyn, New York 11241
(718) 504-1440
mk@kushlawgroup.com